UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>  vs.<br><br>ROY CONTEH,<br>VICTOR SASAY, a/k/a VICTOR SESAY<br>and TAPSIRU DAINKEH,<br><br>                  Defendants. | CR. 15-50101-JLV<br><br>ORDER |

**INTRODUCTION**

A grand jury issued an indictment charging defendants with ten counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2, and one count of possession of an unauthorized access device in violation of 18 U.S.C. §§ 1029(a)(3) and 2. (Docket 1). After a hearing was held on defendants' motion to suppress evidence, but before ruling by the court, a grand jury returned a superseding indictment charging the defendants with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349; twelve counts of bank fraud in violation of 18 U.S.C. §§ 2 and 1344(2); ten counts of aggravated identity theft in violation of 18 U.S.C. §§ 2 and 1028A(a)(1); and nine counts of possession of an unauthorized access device in violation of 18 U.S.C. §§ 2 and 1029(a)(1). (Docket 111). Defendants Tapsiru Dainkeh and Victor Sasay filed motions to dismiss the superseding indictment and Defendant Roy Conteh joined in the motions. (Dockets 151, 155 & 170).

The motions to suppress were referred to United States Magistrate Judge Daneta Wollmann pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of March 9, 2015. An evidentiary hearing was held on March 7 and March 9, 2016. (Docket 109). Magistrate Judge Wollmann issued a report and recommendation ("R&R") on defendants' motions to dismiss. (Docket 172). The magistrate judge recommended defendants' motions to dismiss be denied. Id. at 7. The defendants timely filed objections to the report and recommendation. (Dockets 176-78).

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. See also Fed. R. Crim. P. 59(b)(3).

The court completed a *de novo* review of those portions of the R&R to which objections were filed. For the reasons stated below, the court finds the magistrate judge's report and recommendation is an appropriate application of the law to the facts presented by the parties at the hearing. For the reasons stated below, the defendants' objections are overruled and the report and recommendation of the magistrate judge is adopted in its entirety.

**DEFENDANTS' OBJECTIONS**

Defendant Roy Conteh objects to the R&R asserting the magistrate judge erred in making the following conclusions:

1. That "there was no destruction of exculpatory evidence." (Docket 176 at p. 1); and

2. That destruction of the video was not done in "bad faith." Id. at p. 2.

Defendants Sasay and Dainkeh join in Mr. Conteh's objections. (Dockets 177 and 178). Each of these objections will be addressed.

**ANALYSIS**

Defendants filed separate motions to suppress physical evidence seized during the course of a traffic stop and any custodial statements made by the defendants during the stop. (Dockets 97, 103 & 105). The motions to suppress were referred to United States Magistrate Judge Daneta Wollmann pursuant to 28 U.S.C. § 636(b)(1)(B). An evidentiary hearing was held on March 7 and March 9, 2016. (Docket 109). Magistrate Judge Wollmann issued a report and recommendation ("R&R") on defendants' motions to suppress. (Docket 125). The magistrate judge recommended defendants' motions to suppress be granted in part and denied in part. Id. at p. 26. The government timely filed objections to the report and recommendation. (Docket 156). The defendants filed responses to the government's objections. (Dockets 162, 164 & 169). The court entered an order overruling the government's objections and adopting the report and recommendation. (Docket 196 at p. 20). The court

3

suppressed "all physical evidence seized during the traffic stop" and concluded "that statements made by the defendants during the course of the traffic stop are admissible at trial in the government's case-in-chief."[1]  Id.

In the order addressing the issues raised in the suppression hearing, the court made several factual findings which are relevant to the motions to dismiss the superseding indictment.  The court's findings in the order are incorporated in this order.  (Docket 196).  Specific findings will be referenced as appropriate.

On July 10, 2015, South Dakota Highway Patrol Trooper Zac Bader observed defendants' vehicle traveling 69 mph in a posted 65 mph speed limit zone.  Id. at p. 5.  The speed of defendants' vehicle was verified by the trooper's radar system.  Id.  Trooper Bader had probable cause to stop the vehicle.  Id. at p. 6.  The trooper's patrol car video system which should have recorded the stop and subsequent activities "was either improperly categorized or not tagged and was deleted after a certain number of days as part of a routine system of data management."  Id. at p. 7 n.8 (internal citation omitted).

Defendants now contend the magistrate judge erred by finding the video did not contain exculpatory evidence and the deletion of the video from the Highway Patrol system was not done in bad faith.  (Docket 176 at pp. 1-2). Both the magistrate judge and this court evaluated Trooper Bader's testimony regarding the defendants' behavior and statements made during the stop.

Trooper Bader testified the driver, Mr. Sasay, gave his consent to the

---

[1] The defendants did not file any objections to the R&R which recommended denial of their motions to suppress statements.

search of their vehicle and his personal belongings. (Docket 196 at p. 11). Mr. Sasay denies giving Trooper Bader consent to search either the vehicle or his personal belongings. Id. Trooper Bader also testified that the passengers, Mr. Conteh and Mr. Dainkeh, gave him permission to search the vehicle and their personal belongings. Id. at p. 12. According to Trooper Bader, Mr. Sasay "was surprised that they would allow me to search the car . . . ." Id. (internal citation omitted). Mr. Dainkeh testified at the suppression hearing that he never gave Trooper Bader consent to search. Id. at p. 13. Mr. Sasay testified that when South Dakota Highway Patrol Trooper Rybak arrived, Trooper Bader admitted not having consent to search the vehicle and Trooper Rybak directed Trooper Bader to put everything "back in the car . . . and let them go." Id. (internal citation omitted). The magistrate judge found that "Trooper Rybak never contradicted Mr. Sesay's testimony." Id. at pp. 13-14.

The court concluded "it is illogical Mr. Sesay would be upset his partners gave consent to search the vehicle, if Mr. Sesay had already consented." Id. at p. 13 (internal citation omitted). The magistrate judge concluded Trooper Bader's testimony was not totally credible and Mr. Sasay's testimony was credible. Id. at p. 17. The court adopted the magistrate judge's credibility determinations. Id.

The court also addressed other areas of Trooper Bader's testimony related to statements made by the three defendants. Trooper Bader's testimony that all three men were extremely nervous and evasive was contradicted by his later

5

testimony.  Id. at p. 16.  He described the men as "consistently friendly, nice, respectful.  We kind of joked around and laughed several times throughout the traffic stop.  That attitude, that mentality was consistent throughout the traffic stop."  Id. (internal citation omitted).  When asked if Mr. Sasay's photograph was indicative of their demeanor, that its, that they were "smiling and happy," Trooper Bader responded "[a]bsolutely."  Id. (internal citations omitted).

The magistrate judge found Trooper Bader's suspicions of high end clothing, cards in the center console, inconsistent answers about their itinerary, direction of travel and nervousness "do not amount to reasonable suspicion." Id. (internal citation omitted).  The magistrate judge found Trooper Bader's testimony "contradictory" and "not fully credible."  Id. (internal citation omitted).  The court adopted the magistrate judge's credibility findings.  Id. at p. 17.

Based on the totality of the evidence presented during the suppression hearing, the court concluded Trooper Bader did not possess "a reasonably, articulable suspicion that [these individuals were] engaged in unlawful activity" before the vehicle search commenced.  Id. at p. 18 (citation omitted).  Trooper Bader's decision to expand the purpose of the traffic stop beyond that of issuing a warning ticket constituted an "unreasonable seizure" and was constitutionally prohibited.  Id. at p. 19.  These findings and conclusions constitute the law of the case.

6

Due process mandates that "criminal prosecutions must comport with prevailing notions of fundamental fairness." California v. Trombetta, 467 U.S. 479, 485 (1984). "[T]his standard of fairness . . . require[s] that criminal defendants be afforded a meaningful opportunity to present a complete defense." Id. This right is protected when the government "delivers exculpatory evidence into the hands of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of our criminal justice system." Id. "Whenever potentially exculpatory evidence is permanently lost, courts face the treacherous task of divining the import of materials whose contents are unknown and, very often, disputed." Id. at 486. "Whatever duty the Constitution imposes on the [government] to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, . . . evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 488-89. "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Arizona v. Youngblood, 488 U.S. 51, 58 (1988). A showing of bad faith requires a showing of more than negligence or recklessness. United States v. Webster, 625 F.3d 439, 447 (8th Cir. 2010)).

The magistrate judge concluded "[t]he video could very well contradict the officer's report and testimony. It could show that the defendants refused consent to search, were not nervous, or any number of factors. It is only if the officers' testimony and reports are believed that the video would be more inculpatory than exculpatory." (Docket 172 at p. 6). The magistrate judge found "[t]he video was not something that would be apparently exculpatory before its destruction, but it does have the potential to be exculpatory depending upon what it would show." Id. Based on this analysis, the magistrate judge concluded "the defendants must show bad faith on the part of the police in destroying the potentially useful video to sustain a due process claim." Id. at pp. 6-7. The magistrate judge relied on Arizona, 488 U.S. at 58, to arrive at this conclusion. See id. at p. 6.

Based on the record, it is difficult to see how the video would constitute exculpatory evidence. At best, the content of the video may constitute potentially exculpatory evidence. Its exculpatory value, if any, certainly would not have been apparent before destruction of the video. Trombetta, 467 U.S. at 488. Without the video, the court found in defendants' favor and the government is bound by those findings. By the court's findings, the defendants have been able "to obtain comparable evidence by other reasonably available means." Id. at 489. The defendants' first objection to the R&R is overruled.

The magistrate judge described in great detail the manner in which a trooper's patrol car video was supposed to be logged and preserved. See

Docket 172 at pp. 2-5. Defendants do not cite any specific conduct of Trooper Bader or the South Dakota Highway Patrol which would compel the court to find that Trooper Bader or the South Dakota Highway Patrol acted in bad faith in failing to preserve the video recording. (Docket 176 at p. 2). The court finds the magistrate judge correctly analyzed Trooper Bader's conduct and the entire process for preserving video recordings within the South Dakota Highway Patrol organization. The magistrate judge properly concluded that "[s]loppy record keeping plus routine deletion is not equivalent to bad faith." (Docket 172 at p. 7). The court adopts this finding. Defendants' second objection is overruled.

**ORDER**

Based on the above analysis, it is

ORDERED that the defendants' objections (Dockets 176-78) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 172) is adopted by the court.

IT IS FURTHER ORDERED that the defendants' motions to dismiss the superseding indictment (Dockets 151, 155 & 170) are denied.

IT IS FURTHER ORDERED that a scheduling order will be entered.

Dated November 6, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE