UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ROY CONTEH,<br>VICTOR SASAY, a/k/a VICTOR SESAY<br>and TAPSIRU DAINKEH,<br><br>                    Defendants. | CR. 15-50101-JLV<br><br><br>ORDER |

## INTRODUCTION

Defendant Tapsiru Dainkeh filed a motion to dismiss the superseding indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*   (Docket 201).   Defendants Roy Conteh and Victor Sasay joined in Mr. Dainkeh's motion. (Dockets 205 & 206).   For the reasons stated below, the defendants' motions to dismiss are denied.

## ANALYSIS

### A.    Procedural History

On August 18, 2015, a grand jury returned an indictment charging defendants with ten counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2, and one count of possession of an unauthorized access device in violation of 18 U.S.C. §§ 1029(a)(3) and 2.   (Docket 1).   On March 22, 2016, a grand jury returned a superseding indictment charging defendants with one count of conspiracy to commit bank fraud in violation of 18 U.S.C.

§§ 1344 and 1349; twelve counts of bank fraud in violation of 18 U.S.C. §§ 2 and 1344(2); ten counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and (2); and nine counts of possession of unauthorized access device in violation of 18 U.S.C. §§ 2 and 1029(a)(1). (Docket 111). On November 22, 2017, defendants filed a motion to dismiss the superseding indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (Dockets 201, 205 & 206).

### B.    Speedy Trial Act

The Speedy Trial Act ("the Act" or "STA") provides, in part, "the trial of a defendant charged in an . . . indictment . . . shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs . . . ." 18 U.S.C. § 3161(c)(1). The Act "requires that trial begin within 70 days after a defendant is charged or makes an initial appearance unless the running of the time is stopped for reasons set out in the statute." United States v. Lucas, 499 F.3d 769, 782 (8th Cir. 2007) (en banc).

Excluded from this 70-day time requirement are a number of events and activities. See 18 U.S.C. § 3161(h). Subsection (h) provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> (1)    Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

2

. . .

(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

(E) delay resulting from any proceeding relating to . . . the removal of any defendant from another district under the Federal Rules of Criminal Procedure;

(F) delay resulting from transportation of any defendant from another district, . . . except that any time consumed in excess of ten days from the date an order of removal . . . and the defendant's arrival at the destination shall be presumed to be unreasonable;

. . .

(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h)(1). Other provisions within subsection (h) which exclude days from the speedy trial clock and are pertinent to this case provide as follows:

(3)(A) Any period of delay resulting from the absence or unavailability of the defendant . . . .

(6) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

(7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. §§ 3161(h)(3)(A), (6) & (7)(A).

Subsection (c)(1) determines when the speedy trial clock begins and subsection (h) sets forth those events or activities which pause or toll the clock. See United States v. Leone, 823 F.2d 246, 249 (8th Cir. 1987) ("Section 3161(c)(1) of the Act . . . is unambiguous in stating that upon an initial indictment, the seventy-day clock begins to run upon the later of either (1) the information or indictment, or (2) the defendant's appearance before a judicial officer of the court. Section 3161(h) of the Act sets out several periods of delay which shall be excluded from the running of the seventy-day period.").

In a multi-defendant case, "[e]xclusions of time attributable to one defendant apply to all codefendants." United States v. Mallett, 751 F.3d 907, 911 (8th Cir. 2014) (internal quotation marks omitted). The defendants have the burden to show their motions to dismiss pursuant to the STA should be granted. United States v. Adejumo, 772 F.3d 513, 521 (8th Cir. 2014).

**C.    Case Specific Application of the Act**

Attached to this order as Exhibit A is the court's analysis of the day-to-day activities in this case which impact defendants' STA motions. Most of the analysis in Exhibit A and the citations to the Act are self-explanatory and need not be individually explained in this order. Because a number of the court's conclusions are more complicated, those will be discussed in this order.

1.    ARRAIGNMENT OF THE DEFENDANTS

Mr. Sasay and Mr. Dainkeh made their first appearances before Magistrate Judge Daneta Wollmann on October 27, 2015. (Docket 19). Their speedy trial

clock did not begin to run until Mr. Conteh was arraigned in South Dakota before the magistrate judge on November 20, 2015. (Docket 41). See United States v. Patterson, 140 F.3d 767, 772 (8th Cir. 1998) ("Where multiple defendants are joined for trial and no motion for severance has been granted, the statutory time period does not begin to run until the last codefendant has been . . . arraigned . . . ."). "Thereafter, all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants." United States v. Lightfoot, 483 F.3d 876, 886 (8th Cir. 2007) (referencing Patterson, 140 F.3d at 772).

2.    MOTIONS FOR CONTINUANCES

On November 20, 2015, the court entered an amended scheduling and case management order. (Docket 46). On November 23, 2015, Mr. Dainkeh filed a motion to continue the trial date. (Docket 49). The motion requested a three-month continuance of the trial date and acknowledged that the time requested in the continuance would be excluded from the STA calculation. Id. ¶¶ 5 & 6.[1] The date on which the motion was filed is excludable from the STA calculation. See United States v. Moses, 15 F.3d 774, 777 (8th Cir. 1994) ("The period of excludable delay resulting from the . . . motion includes both the date on which the motion was filed and the date on which the motion was decided.").

---

[1]The motion mistakenly identifies this paragraph as a second "5." (Docket 49 at p. 2).

Mr. Dainkeh's motion stopped the speedy trial clock.   18 U.S.C. § 3161(h)(1)(D).

Thus, only the two preceding days, November 21 and 22, count against the

70-day clock.   <u>See</u> Exhibit A at p. 3.

The court granted Mr. Dainkeh's motion and set the next scheduled trial

date for April 19, 2016.   (Docket 64 at p. 2).   By the order, November 23, 2015,

through the next scheduled trial date of April 19, 2016, is excluded from the STA.

<u>Id.</u> (referencing 18 U.S.C. § 3161(h)(7)(A)).   While a number of pretrial motions

were filed during this same time period, the motions all occurred while the STA

clock was stopped and have no impact on the STA clock calculation.[2]   <u>See</u>

Exhibit A at pp. 3-8.

"Periods of delay caused by pretrial motions, whether filed by the

defendant . . . or the prosecution, are excluded from the calculation of this

70-day time frame."   <u>United States v. Shepard</u>, 462 F.3d 847, 863 (8th Cir.

2006).   "Under subsection [D], '[a]ny pretrial motion . . . creates excludable time,

even if it does not in fact delay trial.' "   <u>United States v. Titlbach</u>, 339 F.3d 692,

698 (8th Cir. 2003) (citing <u>United States v. Arbelaez</u>, 7 F.3d 344, 347 (3d Cir.

1993)).   <u>See</u> <u>also</u> <u>United States v. Williams</u>, 557 F.3d 943, 952 (8th Cir. 2009)

("The [e]xclusion of pre trial motion delay is automatic, and the time during

---

[2]As detailed in Exhibit A, all motions for pretrial release, motions for
continuances, motions to extend the time to file briefs or file objections to reports
and recommendations through the dates of the orders granting those motions
are excluded from the speedy trial clock.

which a motion is pending is excludable even if the pendency of the motion is not the cause of the delay.") (internal quotation marks and citation omitted).

The same analysis applies to those pretrial motions filed while defendants' substantive pretrial motions discussed below were pending.  <u>See</u> Exhibit A at pp. 9-15.

3.    SUBSTANTIVE PRETRIAL MOTIONS

While the speedy trial clock was stopped by the December 1, 2015, order (Docket 64), defendants filed motions to dismiss the indictment and the superseding indictment based on an allegation of destruction of evidence.[3] (Dockets 76, 81, 89, 151, 155 & 170).   Those motions were referred to the magistrate judge for hearing and preparation of a report and recommendation. (Dockets 91 & 158).   Also while the clock was stopped, defendants filed motions to suppress evidence and statements obtained during the traffic stop of their vehicle.   (Dockets 97, 103 & 105).   By standing order, the motions to suppress were referred to the magistrate judge for a hearing and report and recommendation.   (Standing Order of March 9, 2015).

On February 24, 2016, the court canceled the trial date until the pending motions were resolved.   (Docket 106).   While not stated in the order, this was an "ends-of-justice" continuance under § 3161(h)(7)(A).   A subsection (h)(7)(A)

---

[3]The court adopted the R&R (Docket 123) and denied as moot defendants' motions to dismiss the indictment based on the destruction of evidence. (Docket 147).   The court permitted defendants leave to file the same substantive motions with respect to the superseding indictment.   <u>Id.</u> at p. 2.

tolling of the speedy trial clock is "an 'ends-of-justice' continuance: A trial may be delayed if a district court finds the ends of justice so require and 'sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.' " United States v. Adejumo, 772 F.3d 513, 521 (8th Cir. 2014) (quoting 18 U.S.C. § 3161(h)(7)(A)).

The court's order constitutes an open-ended and *sua sponte* continuance, which starts a period of excludable time under the Act.[4]  See United States v. Twitty, 107 F.3d 1482, 1489 (11th Cir. 1997) ("An open-ended continuance may be granted to serve the ends of justice.").  See also United States v. Wilson, 216 F. Supp. 3d 566, 580 (E.D. Pa. 2016) ("The ['ends of justice'] continuance can be open-ended, rather than for a specific period of time, but it must be [ ] granted prior to the days being excluded."); United States v. Santiago-Becerril, 130 F.3d 11, 17-18 (1st Cir. 1997) ("Open-ended continuances are not prohibited *per se*.").

The court has not found a case where the United States Court of Appeals for the Eighth Circuit squarely ruled on open-ended continuances.  The closest case is United States v. Hessman, 493 F.3d 977, 981 (8th Cir. 2007), where the Eighth Circuit approved of an open-ended continuance, cited the Speedy Trial Act reasoning the Eleventh Circuit set forth in Twitty, 107 F.3d at 1489, and noted the importance of a defendant not objecting to the open-ended aspect of

---

[4]Unique to this case, the order was entered during a time when the speedy trial clock was already stopped.  See Docket 64.

the continuance.   The First, Third, Fifth, Tenth and Eleventh Circuits held open-ended continuances are consistent with the Act.   <u>See</u> <u>United States v. Spring</u>, 80 F.3d 1450, 1457-58 (10th Cir. 1996) (collecting cases); <u>Twitty</u>, 107 F.3d at 1489; <u>but</u> <u>see</u> <u>United States v. Jordan</u>, 915 F.2d 563, 565 (9th Cir. 1990) (stating the requirement in the Ninth Circuit that "an 'ends of justice' continuance be specifically limited in time.' ").   The court finds the reasoning of the First, Third, Fifth, Tenth and Eleventh Circuits persuasive and concludes open-ended continuances are permitted under the Act.

Some courts permitting open-ended continuances require the durations to be "reasonable."   <u>See, e.g.</u>, <u>United States v. Clark</u>, 717 F.3d 790, 823 (10th Cir. 2013).   In the Eleventh Circuit, however, "[i]f the trial court determines that the 'ends of justice' require the grant of a continuance, and makes the required findings, *any* period of delay is excludable under [the Act.]"   <u>Twitty</u>, 107 F.3d at 1489 (emphasis in original); <u>United States v. Hill</u>, 487 Fed. Appx. 560, 562 (11th Cir. 2012) (citing this holding from <u>Twitty</u>).   The text of the statute mirrors the Eleventh Circuit's reasoning, providing for the exclusion of "*[a]ny* period of delay resulting from a continuance granted by any judge on his own motion . . . if the judge granted such continuance on the basis of his findings that the ends of justice service" are served.   18 U.S.C. § 3161(h)(7)(A) (emphasis added).

The Act requires a court to accompany an "ends of justice" continuance with specific findings.   <u>See id.</u>   "No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be

excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. "Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance . . . the Act is ambiguous on precisely when those findings must be set forth in the record of the case." Zedner v. United States, 547 U.S. 489, 506-07 (2006) (internal quotation marks and alteration omitted); Adejumo, 772 F.3d at 522. "At the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss . . . ." Zedner, 547 U.S. at 507. Courts are "not required to make a contemporaneous record of [their] ends-of-justice findings." Adejumo, 772 F.3d at 522 (noting that "a subsequent articulation suffices[ ]").

The February 24, 2016, order is an "ends of justice" continuance because the trial must be delayed until a later time in light of defendants' complex suppression motion and motion to dismiss the superseding indictment on the basis of destruction of evidence. See 18 U.S.C. § 3161(h)(7)(B) (stating case complexity and number of defendants can justify an "ends of justice" continuance); see also United States v. Breen, 243 F.3d 591, 597 (2d Cir. 2001) ("[F]ailure to utter the magic words 'ends-of-justice' at the time of ordering the continuance is not necessarily fatal.").

The court finds this "ends of justice" continuance was justified for several reasons: defendants' motions to suppress and motions to dismiss raised complicated factual and legal issues; the case involves complex allegations connecting multiple defendants with a conspiracy to commit bank fraud involving an alleged large number of credit and debit cards; the case involves a South Dakota Highway Patrol Trooper who, later and unrelated to this traffic stop, was brutally assaulted resulting in cognitive injuries which limited his ability to credibly testify to events occurring during the traffic stop and his patrol car dash video was not preserved; and it would have been a miscarriage of justice for the court not to extend the case based on the motions. See 18 U.S.C. § 3161(h)(7)(B) (providing the factors on which to base an "ends of justice" continuance). For those reasons, the ends of justice served by granting an open-ended, *sua sponte* continuance outweigh the best interest of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Defendants argue the motions were not resolved within the time period established by § 3161(h)(1)(H) so the speedy trial clock expired and the superseding indictment must be dismissed. (Docket 202 at p. 2). Subsection (h)(1)(H) contemplates that only 30 days may be excluded while a motion "is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H).

Defendants' "reliance on subsection (h)(1)(H) is misplaced." United States v. Massat, CR. 15-50089, 2016 WL 4098566, at *3 (D.S.D. July 28, 2016). "The only time subsection H comes into play is when the speedy trial clock is

running." Id.  Because the speedy trial clock was stopped by virtue of the

February 24, 2016, order (Docket 106), the court's orders (Dockets 196 & 199)

adopting the reports and recommendations of the magistrate judge (Dockets 125

& 172) "were filed during a period the speedy trial clock was stopped." Id.  "It is

only after the speedy trial clock would have restarted that § 3161(h)(1)(H) and

the 30-day period for the court to resolve those motions would have come into

play." Id.

The fact that several months lapsed between the filing of defendants'

motions, hearings on those motions, preparation of hearing transcripts, and

entry of the court's orders does not change the analysis under the STA.  See

Twitty, 107 F.3d at 1489 ("If the trial court determines that the 'ends of justice'

require the grant of a continuance, and makes the required findings, *any* period

of delay is excludable under [the Act.]").  Even if the Act required the open-ended

continuance to be reasonable in duration, the court concludes the resulting

exclusion of days is reasonable based on the findings above.  See United States

v. Green, 516 Fed. Appx. 113, 122-23 (3d Cir. 2013) (permitting a 16-month

open-ended continuance).  None of the defendants objected to the court's

open-ended, *sua sponte* continuance until after the orders adopting the reports

and recommendations were filed and a new trial schedule entered.  See Exhibit

A at pp. 18-19.

4.    UNAVAILABILITY OF A DEFENDANT

Not briefed or argued by either the government or defendants is the fact that Mr. Conteh was unavailable for five months during the fall of 2016 into the spring of 2017.   <u>See</u> Exhibit A at pp. 15-18.   It was certainly known to Mr. Conteh, his attorney and the government that Mr. Conteh was alleged to have violated pretrial release on November 17, 2016, when he was arrested in Fairfax County, Virginia.[5]   (Docket 181-2).   On November 18, 2016, the government filed a motion for revocation of Mr. Conteh's pretrial release based on this alleged conduct.   (Docket 181).   That same day, the magistrate judge issued an *ex parte* order directing that an arrest warrant be issued for Mr. Conteh.   (Docket 183).   While this conduct may not have been known to Mr. Dainkeh, Mr. Sasay or their attorneys, it was conduct which also stopped the speedy trial clock.   <u>See</u> 18 U.S.C. § 3161(3)(A) ("any period of delay resulting from the absence or unavailability of the defendant . . ." is excluded from the speedy trial clock calculation).

For some unknown reason, Mr. Conteh was not promptly returned to South Dakota, but rather was arrested in Washington, D.C., on March 7, 2017. Notice of his arrest was electronically provided to all counsel on March 10, 2017.

---

[5]Conditions imposed by the magistrate judge to permit Mr. Conteh to reside in Virginia or Washington, D.C., included that he not commit any criminal offense, that he maintain contact with his attorney, and that he promptly report to pretrial services any contact with law enforcement, including any arrest. (Docket 142 ¶¶ 1, 3, 9 & 13).   The court presumes Mr. Conteh complied with these conditions and notified his attorney following his arrest in Virginia.

See CM/ECF, March 10, 2017. Mr. Conteh did not make his initial appearance before the South Dakota magistrate judge on the government's motion to revoke pretrial release until April 14, 2017. (Docket 190). While the speedy trial clock was stopped for other reasons during this same time period, Mr. Conteh's absence constituted another reason for tolling the clock.

5.    CONCLUSION

On November 6, 2017, the court denied defendants' motions to dismiss the superseding indictment based on the destruction of evidence. (Docket 199 at p. 9). That same day the court entered an order setting a new trial date. (Docket 200). The next day, Mr. Dainkeh filed his motion to dismiss the indictment based on the STA. (Docket 201). On November 7, 2017, the court entered an order canceling the trial date pending resolution of Mr. Dainkeh's motion, "[b]ased on the ends of justice and 18 U.S.C. § 3161(h)(7) . . . ." (Docket 203). Mr. Conteh and Mr. Sasay joined Mr. Dainkeh's motion. (Docket 205 & 206). Briefing on defendants' motion was complete on November 30, 2017. (Docket 211).

Under the Act there are **68** days remaining for trial.[6]  See Exhibit A at p. 19. The Speedy Trial Act has not been violated. For the reasons stated above and detailed in Exhibit A, defendants have not sustained their burden to

---

[6]The government argues three days have elapsed from the speedy trial clock. (Docket 209 at pp. 7-8). The government's calculation fails to acknowledge that the day a motion is filed is "excludable delay." Moses, 15 F.3d at 777.

show the motions to dismiss pursuant to the STA should be granted. <u>Adejumo</u>, 772 F.3d at 521. Defendants' motions to dismiss must be denied.

## ORDER

Based on the above analysis, it is

ORDERED that Mr. Dainkeh's motion to dismiss the superseding indictment (Docket 201) is denied.

IT IS FURTHER ORDERED that Mr. Conteh's and Mr. Sasay's motions for joinder (Dockets 205 & 206) in Mr. Dainkeh's motion are granted. Their motions to dismiss the superseding indictment are denied.

IT IS FURTHER ORDERED that a scheduling order will be filed.

Dated January 17, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE